FILED: 8/13/2015 1:18:55 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Jennifer Stout, Deputy

CAUSE NO. 15-07011-367

| | | |
|---|---|---|
| **HUGO HERNANDEZ AND SARA HERNANDEZ,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **DENTON COUNTY, TEXAS** |
| | § | |
| **HARTFORD LLOYD'S INSURANCE** | § | |
| **COMPANY, VERONICA JONES,** | § | |
| **AND ANDRE LANGSTON,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Hugo Francisco Hernandez and Sara Noemi Hernandez ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of Hartford Lloyd's Insurance Company ("Hartford"), Veronica Jones ("Jones"), and Andre Langston ("Langston") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

EXHIBIT C

**PARTIES**

2.    Plaintiffs Hugo Francisco Hernandez and Sara Noemi Hernandez are individuals residing in Denton County, Texas.

3.    Defendant Hartford is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service, C. T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.    Defendant Veronica Jones is an individual residing in and domiciled in the State of Georgia.  This defendant may be served with personal process by a process server at her place of residence at 848 Nevis Way, McDonough, Georgia 30253.

5.    Defendant Andre Langston is an individual residing in and domiciled in the State of Illinois.  This defendant may be served with personal process by a process server at his place of residence at 904 Salvia Ln, Joliet, Illinois 60431.

**JURISDICTION**

6.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

7.    The Court has jurisdiction over Defendant Hartford because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

8.    The Court has jurisdiction over Defendant Jones because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

9.    The Court has jurisdiction over Defendant Langston because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

10.    Venue is proper in Denton County, Texas, because the insured property is situated in Denton County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11.    Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Hartford.

12.    Plaintiffs own the insured property, which is specifically located at 4004 Redstone Rd, Denton, Texas 76209, in Denton County (hereinafter referred to as "the Property").

13.    Hartford sold the Policy insuring the Property to Plaintiffs.

14.    On or about April 3, 2014, a hail storm and/or windstorm struck Denton County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence.  Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage to the interior of the home including, but not limited to, the home's ceilings and walls.  Plaintiffs' home also sustained substantial structural and exterior damage during the storm, including damage to the siding, and windows.  The storm also caused severe damage to many of Plaintiffs' separate structures on the Property—including, but not limited to, the fence, storage shed,

and air conditioning unit.  Immediately after the storm, Plaintiffs filed a claim with their insurance company, Hartford, for the damages to their home caused by the hail storm and/or windstorm.

15.   Plaintiffs submitted a claim to Hartford against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damagem and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

16.   Plaintiffs asked that Hartford cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the fencing, siding and interior water damages to the Property, pursuant to the Policy.

17.   Defendant Hartford assigned Defendants Jones and Langston as the individual adjusters on the claim.  The adjusters assigned to Plaintiffs' claim were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim.  On or about April 13, 2014, Plaintiffs reported the damages to their home to Defendant Hartford. Subsequently, Defendant Hartford assigned Defendants Jones and Langston as the individual adjusters on the claim.  The adjusters assigned to Plaintiffs' claim were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. Specifically, Jones conducted a substandard inspection of Plaintiffs' property on or about April 19, 2014.  For example, Jones spent under two (2) hours inspecting Plaintiffs' entire property for hail storm and/or windstorm damages, including the time it took to get on the roof and scope the damages there.  Jones also made coverage decisions regarding which damages specifically would and would not be covered under the Policy.  Jones was neither qualified nor authorized to make coverage determinations.  The inadequacy of Jones' inspection is further evidenced by her report dated April 20, 2014, which failed to

include all of Plaintiffs' properly covered damages noted upon inspection—including, but not limited to, damages to the siding, windows, doors, and air conditioning units.  In addition, Jones omitted many of Plaintiffs' interior damages from the estimate. Moreover, the damages that Jones did include in her report were grossly undervalued, in part because Defendant Jones improperly calculated the material sales tax for certain items in determining the actual cash value of Plaintiffs' loss under the Policy. Ultimately, Jones failed to properly scope Plaintiffs' damages and underestimated the cost of repairs to the damages, thereby failing to allow for adequate funds to cover the cost of repairs to Plaintiffs' Property.  Jones' inadequate investigation was relied upon by Defendant Hartford in this action and resulted in Plaintiffs' claim being undervalued and underpaid, thus denying properly covered damages.

18.     Defendant Langston also actively participated in the handling of Plaintiffs' claim but failed to conduct a reasonable investigation.  Specifically, he corresponded with Plaintiffs regarding their claim in letters, and/or reviewed reports, documents and other information regarding the claim.  Defendant Langston failed to thoroughly review Jones' assessment of the claim and ultimately approved an inaccurate report of the damages.  This was done despite Plaintiffs' repeated objections.  Specifically, Plaintiffs contacted Defendants to dispute the underpayment.   In these communications, Plaintiffs thoroughly and specifically described the extent of the pertinent damages, and Langston ignored or failed to properly investigate the discrepancies pointed out by the Plaintiffs, which resulted in Plaintiffs' claim being undervalued and underpaid.

19.     Defendant Hartford's personnel failed to thoroughly review and properly oversee the work of its assigned adjusters, including Defendants Jones and Langston, ultimately

approving an improper adjustment and an inadequate, unfair settlement of Plaintiffs' claim. As a result of this unreasonable investigation, Plaintiffs were considerably underpaid on their claim and have suffered damages. Ultimately, Defendants Hartford, Jones, and Langston fraudulently misrepresented to Plaintiffs that the estimate included all the covered hail storm and/or windstorm damages and the amount was adequate to cover all the repairs; however, the estimate of Plaintiffs' damages did not include many damages that were caused by the storm and were covered under the policy, and the amount allowed for the damages that were included in the adjusters' estimates were completely insufficient to cover the repairs for those damages.

20. Together, Defendants Hartford, Jones, and Langston set about to deny and/or underpay on properly covered damages. Defendants Hartford, Jones, and Langston failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped and undervalued Plaintiffs' damages, thus denying adequate and sufficient payment to Plaintiffs. As a result of Defendants Hartford's, Jones', and Langston's unreasonable investigation, Plaintiffs' claim was improperly adjusted, and Plaintiffs were considerably underpaid on their claim and have suffered damages. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment they are entitled to under the Policy.

21. Together, Defendants Hartford, Jones, and Langston set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and

they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

22. As detailed in the paragraphs below, Hartford wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Hartford underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

23. To date, Hartford continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

24. Defendant Hartford failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Hartford's conduct constitutes a breach of the insurance contract between Hartford and Plaintiffs.

25. Defendants Hartford, Jones, and Langston misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Hartford's, Jones's, and Langston's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

26.    Defendants Hartford, Jones, and Langston failed to make an attempt to settle Plaintiffs'
       claim in a fair manner, although they were aware of their liability to Plaintiffs under the
       Policy.  Defendants Hartford's, Jones's, and Langston's conduct constitutes a violation of
       the Texas Insurance Code, Unfair Settlement Practices.    TEX. INS. CODE
       §541.060(a)(2)(A).

27.    Defendants Hartford, Jones, and Langston failed to explain to Plaintiffs the reasons for
       their offer of an inadequate settlement.  Specifically, Defendants Hartford, Jones, and
       Langston failed to offer Plaintiffs adequate compensation, without any explanation why
       full payment was not being made.   Furthermore, Defendants Hartford, Jones, and
       Langston did not communicate that any future settlements or payments would be
       forthcoming to pay for the entire losses covered under the Policy, nor did they provide
       any explanation for the failure to adequately settle Plaintiffs' claim.   Defendants
       Hartford's, Jones's, and Langston's conduct is a violation of the Texas Insurance Code,
       Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

28.    Defendants Hartford, Jones, and Langston failed to affirm or deny coverage of Plaintiffs'
       claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication
       of acceptance or rejection, regarding the full and entire claim, in writing from Defendants
       Hartford, Jones, and Langston.  Defendants Hartford's, Jones's, and Langston's conduct
       constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.
       INS. CODE §541.060(a)(4).

29.    Defendants Hartford, Jones, and Langston refused to fully compensate Plaintiffs, under
       the terms of the Policy, even though Defendants Hartford, Jones, and Langston failed to
       conduct a reasonable investigation.   Specifically, Defendants Hartford, Jones, and

Langston performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Hartford's, Jones's, and Langston's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

30. Defendant Hartford failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

31. Defendant Hartford failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

32. Defendant Hartford failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

33. From and after the time Plaintiffs' claim was presented to Defendant Hartford, the liability of Hartford to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Hartford has refused to pay Plaintiffs in full, despite there

being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Hartford's conduct constitutes a breach of the common law duty of good faith and fair dealing.

34.     Defendants Hartford, Jones, and Langston knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

35.     As a result of Defendants Hartford's, Jones's, and Langston's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

36.     Plaintiffs' experience is not an isolated case.  The acts and omissions Hartford committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Hartford with regard to handling these types of claims.  Hartford's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

**CAUSES OF ACTION:**

**CAUSES OF ACTION AGAINST DEFENDANTS JONES AND LANGSTON**

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

37.     Defendant Hartford assigned Defendants Jones and Langston to adjust the claim.  Defendants Jones and Langston were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.   During their investigation, the adjusters failed to properly assess Plaintiffs' hail storm and/or windstorm damages.  The adjusters also omitted covered damages from their reports, including many of Plaintiffs' interior damages and damages to Plaintiffs' roof.   In

addition, the damages that the adjusters did include in the estimate were severely underestimated.

38.   Defendants Jones's and Langston's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

39.   Defendants Jones and Langston are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Hartford, because each is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

40.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an

adequate explanation for the inadequate compensation Plaintiffs received.  Defendants Jones's and Langston's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

41.   Defendants Jones's and Langston's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

42.   Defendants Jones and Langston failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendants Jones and Langston failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendants Jones and Langston as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

43.   Defendants Jones's and Langston's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to

submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

44.     Defendants Jones and Langston did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to. Hartford Defendants Jones's and Langston's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

45.     Plaintiffs are not making any claims for relief under federal law.

### FRAUD

46.     Defendants Hartford, Jones, and Langston are liable to Plaintiffs for common law fraud.

47.     Defendants' written and verbal misrepresentations, as well as their misrepresentations by means of deceptive conduct, concerned material facts.  Each and every one of these representations, as detailed in the paragraphs above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did.

48.     Defendants Hartford, Jones, and Langston knew such representations to be false, or made the representations recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer

injury and constituting common law fraud.  As a result of Defendants' fraudulent conduct as described above and further herein, Plaintiffs suffered damages.

### CONSPIRACY TO COMMIT FRAUD

49.    Defendants Hartford, Jones, and Langston are liable to Plaintiffs for conspiracy to commit fraud.   Defendants Hartford, Jones, and Langston were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Hartford, Jones, and Langston committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST HARTFORD ONLY

50.    Defendant Hartford is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

51.    Defendant Hartford's conduct constitutes a breach of the insurance contract made between Hartford and Plaintiffs.

52.    Defendant Hartford's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Hartford's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

53.    Defendant Hartford's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

54.    Defendant Hartford's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

55.    Defendant Hartford's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Hartford's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

56.    Defendant Hartford's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

57.    Defendant Hartford's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

58. Defendant Hartford's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

59. Defendant Hartford's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

60. Defendant Hartford's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

61. Defendant Hartford's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

62. Defendant Hartford's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

63. As referenced and described above, and further conduct throughout this litigation and lawsuit, Jones and Langston are agents of Hartford based on their acts during the

handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

64.   Separately, and/or in the alternative, as referenced and described above, Hartford ratified the actions and conduct of Jones and Langston including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

65.   Defendant Hartford's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

66.   Defendant Hartford's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Hartford knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

67.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### DAMAGES

68.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

69.   As previously mentioned, the damages caused by the April 3, 2014, hail storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These

damages are a direct result of Defendants Hartford's, Jones's, and Langston's mishandling of Plaintiffs' claim in violation of the laws set forth above.

70.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

71.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

72.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

73.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

74.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

75.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

76.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Denton County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

### REQUESTS FOR DISCLOSURES

77.     *Plaintiffs' Request for Disclosures to Defendant Hartford Lloyd's Insurance Company* is attached as "Exhibit A." *Plaintiffs' Request for Disclosures to Defendant Veronica Jones* is attached as "Exhibit A-1." *Plaintiffs' Request for Disclosures to Defendant Andre Langston* is attached as "Exhibit A-2."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity; to which they may show themselves justly entitled.

## "EXHIBIT A"

### CAUSE NO._____

| | | |
|---|---|---|
| **HUGO HERNANDEZ AND SARA** | § | **IN THE DISTRICT COURT OF** |
| **HERNANDEZ,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **DENTON COUNTY, TEXAS** |
| | § | |
| **HARTFORD LLOYD'S INSURANCE** | § | |
| **COMPANY, VERONICA JONES,** | § | |
| **AND ANDRE LANGSTON,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY

TO:   DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY, by and through its Attorney for Service: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Hartford Lloyd's Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketfile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A-1"**

**CAUSE NO.**_____

| | | |
|---|---|---|
| HUGO HERNANDEZ AND SARA HERNANDEZ,<br>*Plaintiffs*, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | DENTON COUNTY, TEXAS |
| HARTFORD LLOYD'S INSURANCE COMPANY, VERONICA JONES, AND ANDRE LANGSTON,<br>*Defendants*. | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT VERONICA JONES

TO:     DEFENDANT VERONICA JONES, at 848 Nevis Way, McDonough, Georgia 30253.

      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Veronica Jones (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

                                         Respectfully submitted,

                                         MOSTYN LAW

                                         */s/ René M. Sigman*_____
                                         René M. Sigman
                                         State Bar No. 24037492
                                         rmsdocketefile@mostynlaw.com
                                         3810 W. Alabama Street
                                         Houston, Texas 77027
                                         (713) 714-0000 (Office)
                                         (713) 714-1111 (Facsimile)

                                         **ATTORNEY FOR PLAINTIFFS**

**"EXHIBIT A-2"**

**CAUSE NO.**_____

| | | |
|---|---|---|
| HUGO HERNANDEZ AND SARA HERNANDEZ, <br> *Plaintiffs*, | § <br> § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § | DENTON COUNTY, TEXAS |
| HARTFORD LLOYD'S INSURANCE COMPANY, VERONICA JONES, AND ANDRE LANGSTON, <br> *Defendants*. | § <br> § <br> § <br> § <br> § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT ANDRE LANGSTON

TO:     DEFENDANT ANDRE LANGSTON, at 904 Salvia Ln., Joliet, Illinois 60431.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Andre Langston (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*_____
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**